**Abe M. DRAISNER, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3693.**

District of Columbia Court of Appeals.

Argued May 10, 1965.

Decided Aug. 10, 1965.

Rehearing Denied Sept. 9, 1965.

Abe M. Draisner, pro se.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant is a dealer in old and used phonograph records and holds a secondhand dealer's license.[1] He was charged with and convicted of failing to keep the records required of secondhand dealers by § 1(b) of Article 1 of the Police Regulations.

Appearing here, as he did in the trial court, without counsel, appellant seemingly makes three claims why his conviction should be reversed. He claims that in fact he is not a dealer in secondhand goods. In effect he argues that there is no such thing as a secondhand phonograph record. We do not follow this argument. Appellant

1. D.C.Code 1961, § 47–2339.

purchases records from dealers, radio stations, the Salvation Army, and others, including an occasional purchase from individuals who come to his place of business with records for sale. Some of the records purchased are "new" in the sense that they have not been used, but the majority have been used. At times appellant purchases records in large quantities, many of which he later destroys as useless or worthless.

■ Our statute applies to any persons engaged in buying, selling or dealing in "secondhand personal property of any description,"[2] and secondhand property is generally defined as personal property of which prior use has been made.[3] We have no difficulty in holding that appellant is a secondhand dealer.

■ Appellant also claims that because dealers in secondhand books are exempted from certain requirements of the regulation, dealers in secondhand records should also be exempted. He would have this court equate phonograph records with books. This we cannot do. Assuming there is a degree of similarity between books and records, appellant's argument in this respect should be addressed to the Commissioners of the District of Columbia and not to the courts.

■ Appellant's chief argument appears to be that the regulation requiring the keeping of detailed records by all secondhand dealers of every article purchased by them imposes upon him, by reason of the nature of his business, an unreasonable burden, and therefore the regulation as applied to him is invalid. The weakness of this argument is that appellant made no effort to comply in any manner with the regulation. Had he made an effort to comply in a reasonable manner, and had his reasonable compliance been rejected by the administrative official, we would have a different situation. However, we cannot assume that the regulation will be construed and applied in an unreasonable manner by those whose duty it is to enforce the regulation.

Affirmed.

---

2. D.C.Code 1961, § 47-2339(c).

3. Webster's New International Dictionary, Second Edition, Unabridged; 47 Am.Jur. Secondhand Dealers § 2.